```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

ACCESS 4 ALL, INC., a Florida not-for-profit
corporation, and FELIX ESPOSITO,
individually,

                   Plaintiffs,

    -against-                             **MEMORANDUM & ORDER**
                                               **CV-04-4369(SJF)(MLO)**

JAREL EAST END HOTEL CORP., a
New York corporation,

                   Defendant.
```
----------------------------------------X
```
FEUERSTEIN, J.

      Plaintiffs Access 4 All, Inc., a Florida not-for-profit corporation, and Felix Esposito, individually (collectively, plaintiffs) commenced the instant action under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq*, alleging that certain architectural barriers existed on the property owned, operated and/or leased by defendant Jarel East End Hotel Corp., a New York corporation (defendant), which prevented persons with disabilities from the equal use and enjoyment of the goods and services offered at the premises. The parties ultimately entered into a consent decree resolving all claims between them with respect to the subject property, which I "so ordered" on August 8, 2005. The consent decree was entered on August 12, 2005.

      Pursuant to paragraph 9 of the consent decree, the parties reserved for decision by the Court the plaintiffs' application for an award of attorneys' fees, expert fees and costs in the event that they were unable to mutually resolve the issue. Pending before me is plaintiffs' application for $24,665.67 in attorneys' fees and $8,524.52 in costs, including expert witness fees.

I.  Discussion

   A.  Attorney's Fees[1]

The ADA provides that a court may award reasonable attorney's fees, litigation expenses and costs to the prevailing party. 42 U.S.C. § 12205. Under the ADA, settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees and costs. See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

"The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The resulting calculation is commonly referred to as the "lodestar" figure, and it is presumed to be a reasonable attorney's fee. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). The burden is on the fee applicant to submit evidence to support the number of hours expended and the rates claimed. Hensley, 461 U.S. at 437, 103 S.Ct. 1933.

---

[1] The Second Circuit has held that the same standard governing attorney's fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k), is applicable to claims under the ADA. See Parker v. Sony Pictures Entertainment, Inc., 260 F.3d 100, 111 (2d Cir. 2001). In addition, attorney's fees awarded pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, follow similar standards as Title VII cases. Bridges v. Eastman Kodak Co., 102 F.3d 56, 58, n. 1 (2d Cir. 1996)(internal quotations and citations omitted); see also N.A.A.C.P. v. Town of East Haven, 259 F.3d 113, 117, n. 5 (2d Cir. 2001)(relying on precedents involving attorney's fees without regard to whether they involved Title VII or some other federal statute, since the same standards are generally applicable in all cases in which Congress has authorized an award of attorney's fees to a prevailing party). Accordingly, cases decided under § 1988 and Title VII are authoritative in the ADA context.

1. Hours Expended

In determining the amount of hours reasonably expended, the court must

> "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case. Efforts put into research, briefing and the preparation of a case can expand to fill the time available, and some judgment must be made in the awarding of fees as to diminishing returns from such further efforts. * * * In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties. (Citations omitted)."

Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998).

"[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the "lodestar" calculation. See, Hensley, 461 U.S. at 434, 103 S.Ct. 1933; see also Rotella v. Board of Educ. of City of New York, No. CV-01-0434, 2002 WL 59106, at * 1 (E.D.N.Y. Jan. 17, 2002)(holding that any expenditure that the court concludes was unreasonable should be excluded from the "lodestar" calculation).

a. John P. Fuller

The billing records submitted by Fuller, Fuller & Associates (FF&A) for John Fuller indicate that he expended 4.7 hours of time on this case. Defendant contends that John Fuller's hours should be reduced by 0.3 hours.

The amount of hours claimed by FF&A to have been expended by John Fuller is reasonable. Accordingly, he will be awarded attorney's fees on 4.7 hours.

b.    Lawrence A. Fuller

The billing records submitted by FF&A indicate that Lawrence Fuller expended 34.6 hours on this case. Defendant contends that Lawrence Fuller's hours should be reduced by 2.3 hours[2].

All but 1.2 of the hours claimed by FF&A to have been expended by Lawrence Fuller are reasonable. However, Lawrence Fuller billed .2 hours for "reviewing Order re: Letter extending time untuil [sic] 12/9/04 to answer" on November 18, 2004. That "Order" was merely my signature on a stipulation, previously signed by Lawrence Fuller, extending defendant's time to answer. On November 10, 2004, Lawrence Fuller had previously billed .2 hours for his initial review of the stipulation and then another .2 hours for reviewing a letter and the executed stipulation. Accordingly, billing an additional twelve minutes for, in effect, reviewing my signature on an otherwise unchanged stipulation for which Lawrence Fuller had already billed twenty-four minutes to review is excessive.

In addition, Lawrence Fuller's billing of 1.6 hours for "reviewing Defendant's Answer & Affirmative Defenses; Reviewing Defendant's Disclosure of Interested parties; [and] Preparing letter to opposing counsel" is excessive. Lawrence Fuller's co-counsel, Mario B. Mikelinich, billed only .5 hours for reviewing defendant's answer, affirmative defenses, and disclosure statement. The only additional work performed by Lawrence Fuller was preparation of a letter to opposing counsel. Assuming it took only thirty minutes to review defendant's answer, affirmative defenses and disclosure statement, as it did Mr. Mikelinich, 1.1 hours is excessive for

---

[2] The relatively small amount of time challenged by defendant does not absolve this Court of the responsibility of reviewing the time records for redundancy and waste. See Fink v. City of New York, 154 F.Supp.2d 403, 410 (E.D.N.Y. 2001).

4

the preparation of a letter.

Based upon the foregoing, the hours expended by Lawrence Fuller will be reduced by 1.2 hours. The remaining time billed by Lawrence Fuller is not unreasonable. Accordingly, Lawrence Fuller will be awarded attorney's fees based upon 33.4 hours of work performed.

c. Tracie L. Dickerson

The records submitted by FF&A indicate that Ms. Dickerson expended 2.6 hours on this case. Defendant contends that Ms. Dickerson's hours should be reduced by 1.0 hour.

The amount of hours claimed by FF&A to have been expended by Ms. Dickerson is reasonable. Accordingly, Ms. Dickerson will be awarded attorney's fees based upon 2.6 hours of work performed.

d. Paralegal

FF&A bills for 1 hour of time expended by a paralegal. This is not challenged by defendant and is reasonable.

e. Mario B. Mikelinich

The records submitted by Mr. Mikelinich to FF&A indicate that he expended 16.85 hours on this matter. Defendant contends that Mr. Mikelinich's bill should be rejected altogether.

All but 2.55 hours of the hours billed by Mr. Mikelinich are reasonable. However, Mr. Mikelinich billed twice, on March 29, 2005 and March 31, 2005, for his review of defendant's initial disclosure. In addition, Mr. Mikelinich billed 3.5 hours for "Review file; assemble

summons and complaint and related documents for filing; preparation of 7.1 statement and civil cover sheet; court appearance to file action; [and] correspondence to process server and co-counsel." However, the filing of a complaint is considered clerical work, billable at a reduced rate. See, e.g. Reiter v. Metropolitan Transp. Authority of New York, No. 01 Civ. 2762, 2004 WL 2072369, at * 8 (S.D.N.Y. Sept. 10, 2004). Since this is a compound billing and, thus, it is not clear how much time Mr. Mikelinich actually billed for the filing of the complaint, it is reasonable to merely reduce the total hours expended[3].

Based upon the foregoing, the hours expended by Mr. Mikelinich will be reduced by 2.55 hours. Mr. Mikelinich's remaining hours appear reasonable. Accordingly, Mr. Mikelinich will be awarded attorney's fees based upon 14.3 hours of work performed.

2. Hourly Rate

Plaintiffs request an hourly rate of $425.00 for Lawrence and John Fuller and Mr. Mikelinich; $240.00 for Ms. Dickerson; and $115.00 for a paralegal. Defendant challenges those rates as excessive and contends that John Fuller should be awarded an hourly rate of $300.00; that Lawrence Fuller should be awarded an hourly rate of $250.00; that Ms. Dickerson should be awarded an hourly rate of $100.00; and that the paralegal should be awarded an hourly rate of $75.00. In addition, defendant challenges the rate as it pertains to Mr. Mikilenich on the ground that it was a contract attorney, David Schwartzberg, who appeared on behalf of Mr. Mikilenich at

---

[3] In their reply memorandum of law, which is signed by only Lawrence Fuller, plaintiffs contend that Mr. Mikelinich billed .8 hours for each of the five tasks billed in this entry. However, Mr. Mikelinich has not submitted an affidavit to this effect, and forty-eight minutes is an excessive amount of time for preparing correspondence and for assembling documents. Accordingly, I do not accord any weight to this conclusory contention by Lawrence Fuller.

all court conferences and the site inspection, not Mr. Mikelinich himself. Moreover, defendant contends that as local counsel, Mr. Mikelinich should only be awarded a rate of $175.00.

In determining a reasonable hourly rate, the court should consider the prevailing rates of lawyers with comparable skill, experience and reputation in the district in which the action was commenced and litigated. Missouri v. Jenkins by Agyei, 491 U.S. 274, 286, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); See, Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (internal quotations and citation omitted). Moreover, the size of the firm is a factor in determining the reasonableness of an attorney's fees, since a smaller firm does not have the same overhead costs as a larger firm and, thus, should have a lower rate. See, Murray ex rel. Murray v. Mills, 354 F.Supp.2d 231, 236 (E.D.N.Y. 2005); Reiter, 2004 WL 2072369, at * 7.

Initially, it should be noted that this case was settled within ten months of its commencement and involved no complex issues of law or fact.

       a.      John and Lawrence Fuller and Mr. Mikelinich

FF&A claims that John and Lawrence Fuller and Mr. Mikelinich are entitled to hourly rates of $425.00 based upon the facts (1) that John Fuller has been a practicing attorney in the State of Florida for over twenty-five years and is currently a partner in FF&A, a Florida law firm; (2) that John Fuller has had experience litigating ADA claims for approximately six years; (3) that Lawrence A. Fuller has been a practicing attorney for over thirty-one years and is currently a partner in FF&A; (4) that Lawrence Fuller has had experience litigating ADA claims for approximately four years; and (5) that Mr. Mikelinich has been a practicing attorney in New York for over twenty-one years and is currently a principal in the Law Office of Mario B.

7

Mikelinich, P.C. FF&A does not indicate what its or Mr. Mikelinich's customary rates are. In their reply, plaintiffs submit evidence that Schwartzberg has twelve years of civil litigation experience.

In 1998, the Second Circuit held that the reasonable rate in the Eastern District for legal services rendered by partners was $200.00. Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998). In 2003 and 2004, district courts in the Eastern District found rates of between $225.00 to $300.00 for partners to be reasonable. See, e.g. Pinner v. Budget Mortgage Bankers, Ltd., 336 F.Supp.2d 217, 220 (E.D.N.Y. 2004)(fixing attorney's fee at $250.00 per hour to account for, *inter alia*, the probable increase in fees since 1998); Separ v. Nassau County Dept. of Social Servs., 327 F.Supp.2d 187, 191 (E.D.N.Y. 2004)(fixing attorney's fees at $250.00); Hine v. Mineta, 253 F.Supp.2d 464, 466 (E.D.N.Y. 2003)(finding the requested rate of $225.00 per hour to be in line with the market rates in the Eastern District of New York); Duke v. County of Nassau, No. 97-CV-1495, 2003 WL 23315463, at * 2 (E.D.N.Y. Apr. 14, 2003)(finding the requested rate of $300.00 to be reasonable for an accomplished trial attorney specializing in the practice of civil rights law).

Although John and Lawrence Fuller have submitted evidence indicating that they have had particular experience with ADA claims within the past four to six years, they have not identified any other case in this district which awarded a rate of $425.00 to an attorney of their skill, experience, and expertise. I find $300.00 to be a reasonable hourly rate for John and Lawrence Fuller.

However, Mr. Mikelinich does not appear to be an experienced ADA litigator. Rather, his resumé indicates that the emphasis of his practice is in construction and real estate-related

8

matters. Therefore, I find $250.00 to be a reasonable hourly rate for Mikelinich.

Accordingly, the "lodestar" amount (1) for John Fuller is $1410.00 (4.7 hours times $300.00); (2) for Lawrence Fuller is $10,020.00 (33.4 hours times $300.00); and (3) for Mr. Mikelinich is $3575.00 (14.3 hours times $250.00).

b.  Ms. Dickerson

FF&A contends that Ms. Dickerson is entitled to an hourly rate of $240.00. Ms. Dickerson has been a practicing attorney in the State of Florida for two years, with particular emphasis in ADA claims, and is currently an associate attorney at FF&A.

In 2005, hourly rates of $100.00 to $135.00 for associates with very little experience were found to be reasonable. Murray, 354 F.Supp.2d at 237. Accordingly, Dickerson will be awarded an hourly rate of $135.00. Therefore, the "lodestar" amount for Ms. Dickerson is $351.00 (2.6 hours times $135.00).

c.  Paralegal

In 1998, the Second Circuit held that the reasonable rate in the Eastern District for paralegal services was $50.00. Savino, 164 F.3d at 87. In 2002 and 2003, courts in the Eastern District also found $50.00 to be an appropriate hourly rate for paralegals. See, e.g. S.E.C. v. Goren, 272 F.Supp.2d 202, 207 (E.D.N.Y. 2003); Rotella, 2002 WL 59106, at * 4. In 2005, a court in the Eastern District awarded a paralegal the requested hourly rate of $75.00. Kingvision Pay-Per-View, Ltd. v. Batista, No. CV-05-0614, 2005 WL 2999427 (E.D.N.Y. Oct. 6, 2005). Accordingly, FF&A's paralegal will be awarded an hourly rate of $75.00. Therefore, the

"lodestar" amount for the paralegal is $75.00 (1 hour times $75.00).

3. Adjustment

After the initial "lodestar" calculation is made, the court may adjust the amount upward or downward depending upon, *inter alia*, the plaintiff's level of success. Hensley, 461 U.S. at 434, 103 S.Ct. 1933. However, neither party has established that an adjustment is warranted in this case. Accordingly, plaintiffs will be awarded the full "lodestar" amount.

B. Costs

Plaintiffs request costs in the amount of $1074.52, plus $6700.00 in expert fees and an additional $750.00 "re-inspection fee." Defendant contends that plaintiffs should not be awarded costs on unexplained expert fees or on the travel time and costs of plaintiffs' expert. In addition, defendant challenges the charges for facsimile transmissions between FF&A and local counsel, the reinspection fee, and the opening/close file fee.

Prevailing plaintiffs are entitled to recover reasonable, identifiable out-of-pocket disbursements which are ordinarily charged to clients. See 42 U.S.C. § 12205; U.S. Football League v. National Football League, 887 F.2d 408, 416 (2d Cir. 1989). The litigation expenses recoverable under the ADA include expert witness fees. See 42 U.S.C. § 12205; Access 4 All, Inc. v. Park Lane Hotel, Inc., No. 04 Civ. 7174, 2005 WL 3338555, at * 5 (S.D.N.Y. Dec. 7, 2005); Hine, 253 F.Supp.2d at 467 (awarding costs for, *inter alia*, expert witness fees). However, payment is not permitted for items which constitute routine office overhead. LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).

The following disbursements for which plaintiffs seek recovery are compensable: a title search, courier services, photocopies, service of process, telephone charges, postage, facsimiles, and travel expenses for their expert. Rotella, 2002 WL 59106, at * 5 (finding that photocopying, travel, incidental travel expenses, telephone costs, and filing fees are generally recoverable). However, the opening/close file fee is routine office overhead that is not compensable. Moreover, the reinspection fee, which is purportedly for the reinspection of the premises contemplated after defendant repairs the existing architectural barriers to ensure compliance with the consent decree, is not compensable. See, e.g. Park Lane Hotel, 2005 WL 3338555, at * 5 (finding that no compensation was warranted for the reinspection expense).

Accordingly, plaintiffs are awarded costs in the sum of $ 7599.52.

F.   CONCLUSION

Based upon the foregoing, it is hereby,

ORDERED, that plaintiffs are awarded attorney's fees in the sum of $15,431.00, and costs in the sum of $7599.52, for the total sum of $23,030.52; and it is further

ORDERED, that the clerk of the Court is directed to enter judgment in favor of plaintiffs and against defendant accordingly; and it is further

ORDERED, that upon the entry of judgment, the clerk of the Court is directed to close this case.

SO ORDERED.

_____
ANDRA J. FEUERSTEIN
s District Judge

Dated: December 19, 2005
       Central Islip, New York

Copies to:

Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, Florida 33181

Mario B. Mikelinich, Esq.
380 North Broadway, Suite 300
Jericho, New York 11753

Nixon Peabody LLP
990 Stewart Avenue
Garden City, New York 11530